Judge Mills
delivered the opinion of the court.
This was an ejectment brought by the nominal plaintiff on the demise of Waller Overton. A jury was at one term sworn in the cause, and sundry decisions of the court excepted to on the part of the defendant; but the jury were withdrawn ultimately by consent, without rendering a verdict, and the cause continued. At a subsequent term a trial was had; at which the plaintiff, in support of the issue, produced and read a joint patent from the commonwealth to Clough Overton and Waller Overton, the present lessor of the plaintiff, for six hundred acres of land, and established its boundaries, and that the defendant held the possession of the land described in the patent. He next proved the *441 other patentee, Clough Overton was killed at the battte of the Blue Licks, on the 19th August 1782, eleven days before the patent emanated. The defendant then proved that his wife was one of the sisters and heirs of said Clough Overton, and that there was a cross line dividing the six hundred acres in two equal parts, which appeared as old as the original survey. He then offered to read to the jury the deposition of Nathaniel Grigsby, and the entry, and plat, and certificate of survey, with its endorsements, all for the purpose of shewing as he alledged, that there was not a joint tenancy, in this, that there was not a unity of interest of title, of time and possession. He then offered to read the deposition of a Mr. Davis, to shew that there had been a division of the land in contest. To the reading of the entry and the depositions of Grigsby and Davis, the plaintiff objected upon the sole ground that such proof was incompetent and inadmisible to prove a division, there being no deed of partition offered. The court sustained the objection and rejected the proof aforesaid, and the defendant excepted. The jury found a general verdict for the plaintiff on which judgment was rendered from which the defendant appealed, and the only question which the court can now notice, is the one made by the aforesaid exception For altho’ numerous errors are assigned which question the opinions of the court below on the hearing before the first jury which were withdrawn, yet as those decisions could have no influence on the jury who tried the cause, it is evident that they pass for nothing, and cannot be made a ground for reversing the judgment. The entry, and the plat, and certificate, appear in the joint names of Clough and Waller Overton, as well as the patent. The deposition of Grigsby, which was rejected, conduces to show that Clough Overton first bought the warrants himself The deposition of Davis, proves that he saw the copy of the entry, whether official or not, is not stated, before the patent issued, and that it stood alone in the name of Clough Overton. He then states facts conducing to shew that the interest of Waller Overton was acquired after making the entry, or at all events after purchasing the warrants, and that the parties Clough and Waller Overton, went on the ground with the surveyor who made the original survey, and drew a division line across the tract. And indeed the plat and certificate, shews a division line across the tract, and is in fact, a plat and certificate of two surveys of three hundred acres *442 each, and the boundaries of each three hundred acres is recited separately in the patent ; but the patent as well as the plat and certificate is joint as to each three hundred acre tract
Exceptions taken at one trial at which a juror was withdrawn, cannot be urged in the appellate court as cause for reversing a judgment on a second trial.
A verbal division of lands cannot produce a severance of a joint tenancy, whether made before or after the grant issues.
We have no hesitation in sustaining the decision of the court rejecting the evidence offered for the purpose of proving a severance of the tenancy. The division attempted was verbal only, and co sisted in acts before the grant.—And even if both patentees had lived till the date of the grant, its emanation would have made them as much joint tenants, as they would have been, had this division never taken place. In ejectment the legal estate is in question.—The grant itself, by its terms can constitute a joint tenancy, which could not be controlled by previous acts between the parties relative to their acquiring their respective interests in the incipient stages of the claim, Jones vs Jones, 1 Call. 458. The patent is not only sufficient to pass the title, but it is good without livery of seizin to vest a right of entry, and supplies the enfeoffment of the grantee, and would have vested a joint estate, these previous acts notwithstanding.—And whatever interest the lessor of the plaintiff then had could not be affected unless by deed. For by the act of Virginia of 1710, Mercer’s Abridg Virg. Laws. 71—and again re enacted in 1744, Chap. 1. 1 Litt. 565—no lands, tenements, or hereditaments could pass, alter or change without deed in writing. This statute was in force until after the date of the grant and transaction in question The court therefore did right in rejecting the evidence offered. This court would not, however, be understood as deciding that the jus accrescendi really took place in this tract of land, or of determining the question whether this grant made to two grantees as if living when one was dead, passed the whole land to the survivor,considering the name of the grantee deceased, as surplusage—or whether that part of the grant, which purports, by its terms, to pass the estate to the dead man, was inoperative till the act of 1793, which gave effect to previous grants to dead persons? These questions may have been touched on the first trial, but no motion was made to the court below on the last trial, which involved these questions, nor is there any complaint there that the verdict was for the whole and not a moiety undivided. These questions are made by the assignment of error; but not having been made and received the adjudication of the inferior court at the last tri *443 al of the cause, they cannot be regarded here as properly before us. The opinion of the court below is, therefore, affirmed with costs
B. Hardin for appellant, Wickliffe for appellee.